**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DE'ANGELO DON'VIRGIL WINSTON, #35437-044, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 21-cv-01134-JPG ) |
| DAMON ACUFF, RANDY KERN, SCOTT SPURLOCK, RENE WILLIAMS, LT. ADKINS, and TRACEY PARKER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff De'Angelo Winston, an inmate at Pulaski County Detention Center ("Jail"), brings this action for constitutional deprivations by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  In the Complaint, he sets forth a list of six claims against officials at the Jail, and he offers grievances and other documentation in support of these claims.  (Doc. 1, pp. 1-18; Doc. 1-1, pp. 1-85).  Plaintiff seeks money damages and enforcement of unspecified jail policies.  (*Id*. at 14).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Complaint**

Plaintiff identifies six separate claims that arose at Pulaski County Detention Center. (Docs. 1 and 1-1). These claims stem from the denial of access to a grievance process, stamps, courts, due process protections, and mental health treatment. (Doc. 1, pp. 1-14). Along with a list of his claims, Plaintiff offers few allegations, but he provides eighty-five pages of grievances and other supporting documentation. (*See* Doc. 1-1, pp. 1-85).

**Preliminary Matters**

A.   *Bivens* or Section 1983

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides a limited damages remedy against individual federal agents for certain violations of a plaintiff's federally protected rights. *Id.* *Bivens* is similar to Section 1983, which authorizes courts to award money damages and injunctive relief for constitutional deprivations caused by officials acting under color of state law. 42 U.S.C. § 1983. In this case, all defendants are local officials, so it appears that this action should have been brought under Section 1983 instead of *Bivens*.[1] *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

B.   **Convicted Prisoner or Pretrial Detainee**

Plaintiff does not indicate whether he was a convicted prisoner or a pretrial detainee when his claims arose. His legal status matters because it dictates the applicable legal standard for each claim. For now, the Court will consider his claims under standards applicable to prisoners *and* detainees. Plaintiff's exact legal status can be determined as the case proceeds. His claims survive or fail at screening for reasons independent of his legal status.

---

[1] To the extent the parties dispute the defendants' status as local actors and application of Section 1983, they are free to raise this issue as the case proceeds; in this particular instance, it does not impact which claim survives screening and which claims do not (though the underlying reasons may be different).

## Discussion

The Court designates the following six (6) counts in the *pro se* Complaint:

**Count 1:** Captain Scott Spurlock and Jail Administrator Damon Acuff interfered with Plaintiff's access to the courts by denying him photocopies, a fair grievance procedure, and grievance responses, in violation of his rights under the First or Fourteenth Amendment (Doc. 1, p. 9);

**Count 2:** Captain Scott Spurlock, Jail Administrator Damon Acuff, Rene Williams, and Lieutenant Adkins deprived Plaintiff of a protected liberty interest without due process of law by punishing him with segregation following an unfair disciplinary hearing, in violation of his rights under the Fourteenth Amendment (Doc. 1, pp. 9-10);

**Count 3:** Jail Administrator Damon Acuff, Sheriff Randy Kern, Captain Scott Spurlock, Lieutenant Rene Williams, and Lieutenant Adkins subjected Plaintiff to extreme hardships, in violation of his rights under the Eighth or Fourteenth Amendment (Doc. 1, p. 10);

**Count 4:** Jail Administrator Damon Acuff, Sheriff Randy Kern, Captain Scott Spurlock, Lieutenant Rene Williams, and Lieutenant Adkins denied Plaintiff adequate mental health treatment on April 15, 2021, when they responded to his complaints of suicidal ideations by placing him in full mechanical restraints in his cell with access to his cellmate and property and no access to a restroom for 24 hours, in violation of his rights under the Eighth or Fourteenth Amendment (Doc. 1, p. 11);

**Count 5:** Damon Acuff, Scott Spurlock, Randy Kern, Tracey Parker, and Lieutenant Adkins unlawfully deducted $33 from Plaintiff's account and cancelled a $160 outgoing check on June 28, 2021, in violation of his rights under the Fourteenth Amendment (Doc. 1, p. 12);

**Count 6:** Damon Acuff, Randy Kern, Scott Spurlock, and Tracey Parker infringed upon Plaintiff's First and/or Fourteenth Amendments by depriving him of access to postage stamps or overcharging him for postage for mail sent to his family, community support groups, and the courts (Doc. 1, pp. 12-13).

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Counts 1

Jail officials have a duty to provide inmates with access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Their failure to do so may give rise to a constitutional claim, where the inmate demonstrates that his lack of access to legal assistance, a law library, or other materials "hindered his efforts to pursue a legal claim." *Id*. A delay or inconvenience is not enough. *Id*. A plaintiff must show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 361 (1996).

Plaintiff's claim arising from the lack of a fair and effective grievance process (and photocopies) falls short of demonstrating any denial of access to the courts. He points to no litigation that was impeded or claim that was lost. His complaint focuses more on the ineffective mechanisms for dispute resolution at the Jail. But, the Constitution does not require jails or prisons to provide a grievance procedure, and the existence of a grievance process does not create a constitutionally guaranteed right. *Daniel v. Cook County*, 833 F.3d 728, 736 (7th Cir. 2016) (citing *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772–73 (7th Cir. 2008)). For its part, the Prison Litigation Reform Act provides only that an inmate must exhaust his "available" administrative remedies before bringing suit. 42 U.S.C. § 1997e. Therefore, Plaintiff can access the courts by filing suit and overcome an affirmative defense based on his failure to exhaust administrative remedies by showing that the grievance process was unavailable. *Id*. Count 1 fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

### Counts 2 and 3

In Count 2, Plaintiff complains of being placed in segregation as punishment without due process of law, and, in Count 3, forced to endure severe hardships.

To state a procedural due process claim under the Fourteenth Amendment, both a pretrial detainee and a convicted prisoner must show that the state deprived them of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Due process protections are triggered only when a protected interest is at stake. A court analyzing this claim in the context of disciplinary hearings, as here, must consider (1) whether there was a protected interest at stake that necessitated due process protections and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*.

The Complaint does not address the first element. A pretrial detainee has a significant interest in avoiding punishment with segregation stemming from his criminal charges because he is not convicted of any crime and cannot be punished for a conviction that has not yet occurred. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A prisoner's liberty interest in avoiding segregation is limited. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Whether placement in segregation implicates a protected liberty interest for a prisoner depends on whether "confinement impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin*, 515 U.S. at 484). In making this determination, the Court looks to "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id*. (citing *Marion*, 559 F.3d at 697 (emphasis in original)).

The Complaint does not address the reasons Plaintiff was place in segregation. He does not indicate why, when, or for how long. He also omits a description of the conditions he endured there—offering only conclusory allegations about the "hardships" he endured at the Jail. For these reasons, Counts 2 and 3 shall be dismissed without prejudice for failure to state a claim.

**Count 4**

The allegations articulate a claim against Defendants Acuff, Kern, Spurlock, Williams, and Adkins for the denial of adequate mental health care on or around June 28, 2021.

To bring this claim under the Fourteenth Amendment, a pretrial detainee must set forth allegations suggesting that the defendants "purposefully, knowingly, or recklessly created conditions that were objectively unreasonable." *See Redman v. Downs*, 854 F. App's 736 (7th Cir. 2021) (citations omitted). The allegations satisfy this standard by indicating that the defendants responded to Plaintiff's complaints of suicidal ideations by unreasonably denying him mental health treatment and placing him in full restraints for a day, without bathroom access or a suicide-safe cell.

To state an Eighth Amendment claim, a prisoner must allege that he suffered from an "objectively, sufficiently serious harm" (*i.e.*, objective standard) and that the defendants acted with "deliberate indifference to his health or safety" (*i.e.*, subjective standard). *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted)). The risk of suicide presents a nobviously serious harm. *Kupsky*, 748 F. App'x at 76 (citing *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)). Deliberate indifference occurs when a prison official is aware that a prisoner "may imminently seek to take his own life and . . . fail[s] to take reasonable steps to prevent the inmate from performing this act." *Id*. at 76 (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (internal quotation marks omitted)). The allegations suggest that the defendants acted with deliberate indifference in their handling of Plaintiff's complaints about suicidal ideations.

This claim survives screening under the Fourteenth Amendment, applicable to a pretrial detainee, and the Eighth Amendment, applicable to a convicted prisoner. Count 4 shall therefore

receive further review against Defendants Acuff, Kern, Spurlock, Williams, and Adkins, in their individual capacities.

### Count 5

Plaintiff's claim arising from the deduction of $33 from this trust fund account and the related cancellation of a $160 check articulates no claim for relief under the Fourteenth Amendment.  Plaintiff must show a deprivation of liberty or property without due process of law to bring this claim.  U.S. CONST. amend XIV.  If the state provides an adequate remedy, however, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property.").  Therefore, Count 5 shall be dismissed without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims.

### Count 6

Plaintiff's lack of access to stamps for an undisclosed duration also supports no claim under the First Amendment for interference with his outgoing mail or for interference with his access to the courts.  Plaintiff does not describe the frequency or duration of this deprivation.  A single or occasional interference with mail is not enough to support a claim under the First Amendment.  *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000).  And, Plaintiff describes no actual injury that resulted from his difficulty obtaining stamps, such as a legal claim or defense that was lost.  *Lewis v. Casey*, 518 U.S. at 351–53 (access to courts claim requires showing of an underlying nonfrivolous claim that was impeded).  Count 6 shall therefore be dismissed without prejudice.

**Pending Motion**

The Motion for Recruitment of Counsel (Doc. 2) is **DENIED without prejudice**. When an indigent plaintiff requests counsel, the Court first considers whether he has made reasonable attempts to find counsel on his own before seeking help and, second, whether the difficulty of the case exceeds his ability as a layperson to coherently present it. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff has not yet demonstrated sufficient efforts to find an attorney or demonstrated that he is effectively precluded from searching for counsel. He simply states that he has sent "letters to several agencies." (Doc. 2, p. 1). Plaintiff should attempt to contact at least three attorneys or law firms to request representation in this case. If his efforts are unsuccessful, he may file a new motion for recruitment of counsel. Along with the motion, he should provide copies of all correspondence with the attorneys or firms or provide a summary of: (a) the attorneys or firms he contacted; (b) the dates of each contact (or attempt); and (c) the response(s) he received. He should also identify any impediments to self-representation (e.g., education, language, medical, mental health, etc.).

He has also demonstrated an ability to represent himself. Plaintiff's Complaint survives screening under 28 U.S.C. § 1915A. He has prepared and filed related pleadings, and they are well-organized and coherent. To the extent his education or medical / mental health issues preclude him from representing himself, Plaintiff has not shown why. The Court finds that Plaintiff is capable, at this early stage, of representing himself, so his motion is denied. He is free to renew his request by filing a new motion after making efforts to find an attorney on his own.

**Disposition**

**IT IS ORDERED** that the Complaint (Docs. 1 and 1-1) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNT 4** will proceed against Defendants **SPURLOCK, ACUFF, KERN, WILLIAMS,** and **ADKINS**.

**IT IS ORDERED** that the following claims against the below-listed defendants are **DISMISSED** without prejudice for failure to state a claim for relief:

- **COUNT 1** against **SPURLOCK** and **ACUFF**;
- **COUNT 2** against **SPURLOCK, ACUFF, WILLIAMS,** and **ADKINS**;
- **COUNT 3** against **SPURLOCK, ACUFF, KERN, WILLIAMS,** and **ADKINS**;
- **COUNT 5** against **SPURLOCK, ACUFF, KERN, PARKER,** and **ADKINS**;
- **COUNT 6** against **SPURLOCK, ACUFF, KERNL,** and **PARKER**.

**The Clerk's Office is DIRECTED to TERMINATE Defendant PARKER as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that, in regard to **COUNT 4**, the Clerk of Court shall prepare for Defendants **SPURLOCK, ACUFF, KERN, WILLIAMS,** and **ADKINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Docs. 1 and 1-1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Docs. 1 and 1-1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/22/2021**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.