UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DE'ANGELO DON'VIRGIL WINSTON,<br><br>  Plaintiff,<br><br> v.<br><br>TRACY ACUFF, as Representative of the Estate of Damon Acuff, RANDY KERN, SCOTT SPURLOCK, and RENE WILLIAMS,<br><br>  Defendants. | Case No. 21-cv-1134-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to withdraw as attorney filed by Patrick Moran, counsel recruited to represent plaintiff De'Angelo Don'Virgil Winston (Doc. 94). In that motion, Moran describes legitimate reasons for allowing withdrawal as counsel pursuant to SDIL-LR 83.11(a)(3). Moran served the motion on Winston by mail on September 15, 2023. The Court allowed Winston 30 days from service to respond to the motion—that is, until October 18, 2023—but Winston has not responded. It appears to the Court that withdrawal is appropriate. There being no objection from Winston, the Court will grant counsel's motion to withdraw.

The Court will further grant Winston an extension of time to file a *pro se* response to the defendants' motion for summary judgment. Neither the motion nor the brief in support explained to the plaintiff, who was represented by counsel at the time, the consequences of failing to respond adequately to a summary judgment motion. A *pro se* litigant is entitled to a plainly-worded notice of the consequences of failing to respond to a motion for summary judgment. *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *see Lewis v. Faulkner*, 689 F.2d

100, 102 (7th Cir. 1982). "[T]his notice should include both the text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." *Timms*, 953 F.2d at 285; *accord Lewis*, 689 F.2d at 102.

The plaintiff has not received the appropriate notice. Therefore, by this order, the Court hereby gives **NOTICE** to the plaintiff that the Court will take as true any fact alleged in the defendant's affidavits unless the plaintiff contradicts that fact with counter-affidavits or other documentary evidence. If the plaintiff fails to contradict the facts alleged by the defendant, the Court may grant judgment in favor of the defendant and may dismiss this case. Rule 56 reads as follows:

> **(a)** **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
> **(b)** **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
> **(c) Procedures.**
>> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>> **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a

        fact cannot be presented in a form that would be admissible in evidence.

    **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)** **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

**(e)** **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

    (4) issue any other appropriate order.

**(f)** **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)** **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact–including an item of damages or other relief–that is not genuinely in dispute and treating the fact as established in the case.

**(h)** **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court–after notice and a reasonable time to respond–may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

The Court will allow Winston to respond to the defendants' motion for summary judgment (Doc. 87) on or before November 27, 2023.

For the foregoing reasons, the Court:

- **GRANTS** the motion to withdraw as counsel (Doc. 94) and **ORDERS** that Moran is terminated as counsel in this case;

- **ORDERS** Moran to send Winston forthwith a copy of the defendants' motion for summary judgment (Doc. 87) and the memorandum in support and its exhibits (Doc. 88) if he has not already done so, and to certify such mailing to the Court;

- **ORDERS** that Winston shall have up to and including November 27, 2023, to respond to the defendants' motion for summary judgment (Doc. 87);

- **WARNS** Winston of the consequences of failing to respond to the motion for summary judgment; and

- **DIRECTS** the Clerk of Court to send Winston a copy of this order.

**IT IS SO ORDERED.**
**DATED:  October 24, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
