IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DE'ANGELO DON'VIRGIL WINSTON,
#35437-044,

    Plaintiff,

v.

TRACY ACUFF, RANDY KERN, SCOTT
SPURLOCK, RENEE WILLIAMS, MISTY
ADKINS, and TRACEY PARKER,

    Defendants.

Case No. 21-cv-1134-JPG

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

    This matter comes before the Court for case management purposes. Plaintiff De'Angelo Don'Virgil Winston first brought this action in September 2021 about the conditions of his confinement in the Pulaski County Detention Center ("Center"), where he was detained at that time (Doc. 1). He sought and was granted leave to proceed *in forma pauperis* ("IFP") and to pay his filing fee in installments (Docs. 3 & 8). *See* 28 U.S.C. § 1914(a). The Court ordered him to pay an initial partial filing fee of $54.17 by March 25, 2022, or show he had no means to pay (Doc. 29). Winston has paid $30 toward his filing fee so far.

**I.**    **Three Strikes Prohibition**

    It has recently come to the Court's attention that Winston had accumulated at least three "strikes" under 28 U.S.C. § 1915(g) before he filed this case in September 2021. A "strike" is awarded each time a prisoner brings an action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Accumulating three strikes prevents a prisoner from proceeding IFP in federal court unless his complaint shows he was "under imminent danger of serious

physical injury" when he filed the case. *Id.*; *Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) (*Sanders I*). "Imminent danger" requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)

The Court has identified the following cases that count as Winston's three strikes: *Winston v. Edwards, et al.*, Case No. 20-cv-00566-NCC (E.D. Mo. dismissed Dec. 11, 2020); *Winston v. Deekens, et al.*, Case No. 14-cv-00189-SPM (E.D. Mo. dismissed Feb. 17, 2014); *Winston v. St. Louis City Justice Ctr.*, Case No. 08-cv-01476-TCM (E.D. Mo. dismissed Oct. 15, 2008).[1]  *See Winston v. Spurlock*, Case No. 3:24-cv-5-JPG (S.D. Ill. listing strikes and denying IFP April 5, 2024). All of these strikes were incurred before September 2021, when Winston filed this lawsuit.

When the Court fails to recognize prior strikes because a prisoner lies to the Court about his litigation history in an effort to manipulate the Court, the prisoner commits fraud on the Court. *Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) (*Sanders II*). If the prisoner "acted intentionally, or with a degree of culpability that exceeds simple inadvertence or mistake," or if the prisoner's conduct indicates "bad faith or a willful abuse of the judicial process," the Court may then dismiss his lawsuit with prejudice. *Id*. at 485. However, the Court must first consider whether lesser sanctions are appropriate. *See id.* at 485-86 (noting that district judges must

---

[1] Winston filed each one of these cases while he was a pretrial detainee or inmate at a jail pursuant to 42 U.S.C. § 1983. The Court dismissed all three actions under § 1915, instead of § 1915A, for being frivolous or malicious, for failure to state a claim, and/or for seeking relief against a defendant who is immune. The same standard for dismissal applies under § 1915(e)(2)(B) and § 1915A. And, because Winston was a detainee or inmate at the time he filed all three of these cases, the three dismissals count as "strikes" within the meaning of 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010) ("a strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on the grounds listed in § 1915(g).").

consider other sanctions before resorting to dismissal with prejudice).

It is clear that, in light of Winston's litigation history, the Court should not have granted him IFP status without first considering whether he qualified under the imminent danger exception at the time he filed this lawsuit. If he was not in imminent danger at that time, the Court should revoke his IFP status and he should pay the remainder of the $402 filing fee promptly. *Sanders I,* 873 F.3d at 961.

## II.   Winston's Complaint

The Court turns to Winston's filing that commenced this case.

The Court first looks to whether Winston committed fraud on the Court to obtain IFP status. When the complaint form instructed Winston to list other lawsuits he had filed while he was in prison or jail, he responded that he had filed another lawsuit. When asked to describe each lawsuit to the best of his ability, Winston responded that the case was a civil rights action in the Eastern District of Missouri but that he did not recall the names of the defendants, the docket number, or the name of the presiding judge. He estimated that the lawsuit was filed in 2014 or 2015 and that it was dismissed in 2016 when he abandoned the case. Compl. 6-7 (Doc. 1). He does not mention any other prior lawsuits. And in his motion for IFP status, he declared that he had not had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim (Doc. 3).

The Court next turns to whether Winston was "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), when he filed this lawsuit. In his original Complaint, Winston alleges six counts under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Count 1 asserts interference with access to the courts by denial of photocopies, a fair grievance procedure, and timely grievance responses. Count 2 asserts due process and equal protection

violations by punishing him with segregation after an unfair disciplinary hearing and unlike similarly situated inmates. Count 3 asserts he was subjected to undescribed "extreme hardships." Count 4 asserts denial of mental health treatment on April 15, 2021, when the defendants responded to his complaints of suicidal ideations by placing him in full mechanical restraints in his cell with access to his cellmate and property and no access to a restroom for 24 hours. He notes that the use of mechanical restraints in response to suicidal ideation "is a trending application that defendants . . . impose[] upon detainees under behavior modification purposes." Compl. 11 (Doc. 1). Count 5 asserts an unlawful deduction of $33 from Winston's account and cancellation of a $160 outgoing check on June 28, 2021. Count 6 complains of access to postage stamps and of overcharging for outgoing mail. Compl. 9-13 (Doc. 1).

Most of these claims do not involve any danger of physical harm. The ones that leave open some attenuated possibility of eventual physical harm occurred in the past and did not represent any present danger of physical harm. The Court is hard-pressed to find any allegation suggesting Winston faced any danger of physical harm when he filed his Complaint in September 2021.

**III.   Order to Show Cause**

Winston omitted cases from his description of his prior lawsuits. Furthermore, the allegations in his original Complaint do not appear to assert that he faced at that time an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In light of these circumstances, the Court **ORDERS** Winston to **SHOW CAUSE** on or before May 15, 2024, why the Court should not (1) dismiss this case with prejudice as a sanction for Winston's intentional omission of any mention of prior lawsuits in an effort to manipulate the Court into granting him IFP status or, in the alternative, (2) revoke Winston's IFP status and order him to

pay the balance of the $402 filing fee within 30 days.  The defendants shall have 14 days to reply to Winston's response to this order to show cause.

If Winston does not timely respond to this order, the Court may dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or for failure to obey a court order or pursuant to the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).  If Winston does not timely respond, the Court may also construe his failure as an admission that he intentionally lied to the Court in an effort to manipulate it into granting him IFP status and/or that he consents to revocation of his IFP status and immediate payment of the balance of the full filing fee.  Either of these courses may lead to dismissal of this case with prejudice.

The Court further **WARNS** Winston that he must disclose his three "strikes" when seeking leave to proceed IFP in any civil case he files in this district while he is a prisoner, and failure to disclose his "struck out" status under 28 U.S.C. § 1915(g) may result in imposition of sanctions against him.

**IT IS SO ORDERED.**
**DATED: April 11, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
