IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DE'ANGELO DON'VIRGIL WINSTON,
#35437-044,

    Plaintiff,

v.

TRACY ACUFF, RANDY KERN, SCOTT
SPURLOCK, RENEE WILLIAMS, MISTY
ADKINS, and TRACEY PARKER,

    Defendants.

Case No. 21-cv-1134-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes. Plaintiff De'Angelo Don'Virgil Winston first brought this action in September 2021 about the conditions of his confinement in the Pulaski County Detention Center, where he was detained at that time (Doc. 1). He sought and was granted leave to proceed *in forma pauperis* ("IFP") and to pay his filing fee in installments (Docs. 3 & 8). *See* 28 U.S.C. § 1914(a). The Court ordered him to pay an initial partial filing fee of $54.17 by March 25, 2022, or show he had no means to pay (Doc. 29).

    Since then, it has become apparent to the Court that it should not have granted Winston the privilege of paying the filing fee for this case in installments because he had accumulated at least three "strikes" under 28 U.S.C. § 1915(g) before he filed this lawsuit. Those three strikes, absent any imminent danger of physical injury, prohibited Winston from proceeding without prepaying the filing fee. 28 U.S.C. § 1915(g); *Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). Those three strikes are: *Winston v. Edwards, et al.*, Case No. 20-cv-00566-NCC (E.D. Mo. dismissed Dec. 11, 2020); *Winston v. Deekens, et al.*, Case No. 14-cv-00189-SPM (E.D. Mo. dismissed Feb. 17, 2014); *Winston v. St. Louis City Justice Ctr.*, Case No. 08-cv-01476-

TCM (E.D. Mo. dismissed Oct. 15, 2008). *See Winston v. Spurlock*, Case No. 3:24-cv-5-JPG (S.D. Ill. listing strikes and denying IFP April 5, 2024; dismissing case May 20, 2024, for failure to pay filing fee). The Court further left open the possibility that Winston lied about his litigation history in his motion for leave to proceed IFP and found it unlikely that Winston was under an imminent threat of physical harm when he filed this lawsuit.

The Court ordered Winston to show cause on or before May 15, 2024, why the Court should not (1) dismiss this case with prejudice as a sanction for Winston's intentional omission of any mention of prior lawsuits in an effort to manipulate the Court into granting him IFP status or, in the alternative, (2) revoke Winston's IFP status and order him to pay the balance of the $402 filing fee within 30 days.

Winston asks for an extension of this time because his institution, the United States Penitentiary at Victorville, California, has been on extended lockdown. In support of his request, Winston submits a memo dated May 10, 2024, from his Unit Manager confirming the lockdown.

The response the Court seeks from Winston is unlikely to require legal research. It concerns whether he intentionally lied about his litigation history (his state of mind is something about which he has first-hand knowledge regardless of the law), whether he was in imminent physical harm when he filed this lawsuit (again, within Winston's personal knowledge), and the existence of his litigation history (something of which the Court may take judicial notice regardless of Winston's response). These are things Winston is likely to be able to discuss even without access to his legal materials or the law library. Additionally, even during the lockdowns, Winston has been able to find pencil, paper, and postage to write and submit motions for extensions of time. In other words, a prison lockdown is not likely to hamper his ability to respond to the Court's April 11, 2024, order to show cause (Doc. 110).

Nevertheless, the Court **GRANTS** Winston's motion for an extension of time to respond to the order to show cause (Doc. 112) and **ORDERS** that he shall have 30 additional days, up to and including June 14, 2024, to respond. The Court repeats its **WARNING** that if Winston does not timely respond, the Court may dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or for failure to obey a court order or pursuant to the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Further, the Court may also construe his failure to respond as an admission that he intentionally lied to the Court in an effort to manipulate it into granting him IFP status and/or that he consents to revocation of his IFP status and immediate payment of the balance of the full filing fee. Either of these courses may lead to dismissal of this case with prejudice. **No further extensions of time will be granted absent extraordinary circumstances that specifically prevent Winston from speaking to whether he intentionally lied about his litigation history, whether he was in imminent danger of physical harm when he filed this lawsuit, and the existence of that litigation history.**

The Court **RESERVES RULING** on the defendants' motion for summary judgment (Doc. 87) and Winston's motion for an extension of time to respond to that motion (Doc. 111).

**IT IS SO ORDERED.**
**DATED: May 24, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3