IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DE'ANGELO DON'VIRGIL WINSTON,
#35437-044,

    Plaintiff,

v.

TRACY ACUFF, RANDY KERN, SCOTT
SPURLOCK, RENEE WILLIAMS, MISTY
ADKINS, and TRACEY PARKER,

    Defendants.

Case No. 21-cv-1134-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on plaintiff De'Angelo Don'Virgil Winston's response (Doc. 115) to the Court's April 11, 2024, order to show cause (Doc. 110) why the Court should not dismiss this lawsuit or, in the alternative, revoke his *in forma pauperis* ("IFP") status and assess the balance of the filing fee due.

    In the order to show cause, the Court noted that Winston had accumulated at least three "strikes" under 28 U.S.C. § 1915(g) before he filed this lawsuit in September 2021. As a consequence, the Court should not have granted him IFP status and allowed him to pay the filing fee in installments unless he was "under imminent danger of serious physical injury" when he filed the suit. If Winston intentionally lied to the Court about his litigation history in an effort to manipulate the Court, the Court may dismiss this lawsuit as a sanction. *Sanders v. Melvin*, 25 F.4th 475, 485 (7th Cir. 2022) (*Sanders II*). However, if the failure to set forth a complete litigation history was a result of inadvertence or mistake, an appropriate course of action would be to revoke IFP status and order immediate payment in full of the balance of the entire filing fee unless Winston was in "imminent danger" when he filed the lawsuit.

In his response, Winston claims he has "slight recollection" of the three lawsuits that count as strikes because of what he has gone through since then and his poor memory resulting from a gunshot wound to the head when he was a child.  He suggests the three cases were not actually strikes because he voluntarily dismissed those cases and simply failed to notify the court.  He thought the Court would know from his inaction in the case that he was withdrawing them.  He claims not to have had any knowledge that these three cases counted as strikes and that he did not intentionally lie to the Court.  He asserts that the instant case is very strong and that he will do his best to make partial payments of his filing fee.

In light of Winston's response, the Court is not convinced that, when he omitted mention of his prior lawsuits, Winston "acted intentionally, or with a degree of culpability that exceeds simple inadvertence or mistake," or that his conduct indicated "bad faith or a willful abuse of the judicial process." *Id*. at 485.  The Court therefore declines to dismiss this case as a sanction for committing fraud on the Court.  The Court **WARNS** Winston that he **must** list those lawsuits, along with this one and any others he has filed, should he ever again seek leave to proceed IFP in a federal court.  Next time, he will have no excuse for forgetting.

The Court will, however, revoke Winston's IFP status.  As the Court noted in its order to show cause, accumulating three strikes prevents a prisoner from proceeding IFP in federal court unless his complaint shows he was "under imminent danger of serious physical injury" when he filed the case.  *Id.*; *Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) (*Sanders I*).  Sanders claims his prior cases were not strikes, but on the record they each satisfy the definition of a strike—"an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  *See* 28 U.S.C. § 1915(g); *see also Winston v. Spurlock*, Case No. 3:24-cv-5-JPG (S.D. Ill. April 5, 2024)

(finding Winston has three strikes).  If Winston believes the courts were mistaken in their dismissals, the place to assert that argument was on direct appeal of those dismissals.  As of now, they qualify as strikes, so the Court must count them.

In light of these three strikes, Winston could only bring this case IFP if he were "under imminent danger of serious physical injury" when he filed the case in September 2021.  *Id.*  "Imminent danger" requires a "real and proximate" threat of serious physical injury.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  In addition, "[a]llegations of past harm do not suffice" to show imminent danger.  *Id*.  Rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP."  *Id*.  Winston has not alleged in his response that he falls within the imminent danger exception to the three-strikes rule.

Furthermore, a review of his Complaint reveals no allegation of "imminent danger of serious physical injury," as the Court explained in the order to show cause:

> In his original Complaint, Winston alleges six counts under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Count 1 asserts interference with access to the courts by denial of photocopies, a fair grievance procedure, and timely grievance responses.  Count 2 asserts due process and equal protection violations by punishing him with segregation after an unfair disciplinary hearing and unlike similarly situated inmates.  Count 3 asserts he was subjected to undescribed "extreme hardships."  Count 4 asserts denial of mental health treatment on April 15, 2021, when the defendants responded to his complaints of suicidal ideations by placing him in full mechanical restraints in his cell with access to his cellmate and property and no access to a restroom for 24 hours. . . .  Count 5 asserts an unlawful deduction of $33 from Winston's account and cancellation of a $160 outgoing check on June 28, 2021.  Count 6 complains of access to postage stamps and of overcharging for outgoing mail.  Compl. 9-13 (Doc. 1).

Most of these claims clearly do not involve any danger of physical harm.  As to the ones that leave open some attenuated possibility of eventual physical harm, they occurred in the past and did not represent any present danger of physical harm.  The Court cannot find any allegation

suggesting Winston faced any danger of physical harm when he filed his Complaint in September 2021.

Because Winston has accumulated three strikes under 28 U.S.C. § 1915(g) and was not "under imminent danger of serious physical injury" when he filed the case, he is not entitled to IFP status. Accordingly, the Court **REVOKES** Winston's IFP status granted on September 24, 2021 (Doc. 8) and **ORDERS** him to pay the full balance of the filing fee that remains due—$ 320.00—on or before **July 26, 2024**. Failure to comply with this Order shall result in dismissal of this action. *See* Fed. R. Civ. P. 41(b). The Court **RESERVES RULING** on all pending motions until Winston's fee status is determined.

In addition, Plaintiff is **WARNED** again that he must disclose his three "strikes" when seeking leave to proceed *in forma pauperis* in any civil case he files in federal court while he is a prisoner, and failure to disclose his "struck out" status under 28 U.S.C. § 1915(g) may result in imposition of sanctions against him.

**IT IS SO ORDERED.**
**DATED: June 25, 2024**

                                                                   s/ J. Phil Gilbert
                                                                   **J. PHIL GILBERT**
                                                                   **United States District Judge**