IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DE'ANGELO DON'VIRGIL WINSTON, #35437-044, <br><br> Plaintiff, <br><br> v. <br><br> TRACY ACUFF, RANDY KERN, SCOTT SPURLOCK, RENEE WILLIAMS, MISTY ADKINS, and TRACEY PARKER, <br><br> Defendants. | Case No. 21-cv-1134-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff De'Angelo Don'Virgil Winston's response (Doc. 117) to the Court's June 26, 2024, order revoking his *in forma pauperis* status ("IFP") and setting a deadline of July 26, 2024, to pay the $320 balance of the filing fee (Doc. 116). The Court construes the response as a motion for reconsideration of the revocation of IFP and an extension of time to pay the balance of the filing fee.

Winston claims he is unable to pay such a large lump sum because he is incarcerated with limited BOP employment options that are inadequate to allow him to pay the balance of the filing fee. His only source of additional income is family members. He continues to advocate the merits of his claims, which he believes justify allowing him to proceed without paying the full filing fee. He also describes other hardships he suffered while in the Pulaski County Detention Center to prove he was in imminent danger when he filed this lawsuit. He further suggests he will be forced to resort to violation of prison rules, including working for prison gangs, to obtain the funds necessary to pay the filing fee in this lawsuit.

I.      **Reconsideration of IFP Status**

The Court first addresses Winston's request that the Court reconsider its revocation of his IFP status because he was, in fact, "under imminent danger of serious physical injury" when he placed his complaint in the Detention Center's mail system for filing in July or September 2021 and when the Court received it on September 14, 2021.  *See* 28 U.S.C. § 1914(g).  The Court found Winston had not shown he faced a "real and proximate" threat of serious physical injury, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), because his claims either did not involve a danger of physical harm or asserted only past injuries.  Mem. and Order 3-4 (Doc. 116).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.  *Pittman ex rel. Hamilton v. Madison Cnty.*, No. 23-2301, 2024 WL 3422729, at *8 (7th Cir. July 16, 2024); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as, for example, substantial new evidence not available earlier or a manifest error or a change in the law that reveals the prior ruling was erroneous.  *Pittman*, 2024 WL 3422729, at *8; *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

In its order revoking Winston's IFP status, the Court examined all the claims in this case and found none revealed any imminent danger of physical harm were the Court not to consider his case. Here, Winston has not pointed to any compelling reason to reconsider this finding. He relies on incidents that occurred after he mailed his complaint—a jail fire on September 26, 2021, and an assault on October 6, 2021. He also points to a past incident—restrictions and a physical assault on April 15, 2021. None of these incidents convinces the Court that he was under imminent danger of physical harm when he filed this lawsuit. Winston has presented no compelling reason to reconsider the Court's prior revocation of his IFP status.

To the extent Winston offers his poverty as a reason to reinstate his IFP status, the Court must decline that invitation in light of 28 U.S.C. § 1915(g) ("*In no event* shall a prisoner bring a civil action" IFP if he has accumulated three or more strikes unless in imminent danger of serious physical injury (emphasis added)). Winston's abuse of the court system by filing at least three prior lawsuits that were frivolous, malicious, or failed to state a claim forfeited his option to pay the filing fee in installments because of poverty.

Furthermore, Winston had the ability to pay the full filing fee in this case; he just chose to spend his funds on other things. His prison trust fund account statement for the six months prior to filing this lawsuit show income of approximately $3,164, and expenditures primarily for phone service (Doc. 7). For someone who has no food or shelter expenses, that is quite an income. He chose to spend it on other things. Therefore, his inability to pay the entire filing fee is a result of his spending decisions, not his current lack of funds.

**II.     Extension of Time**

Winston asks the Court, if it does not reinstate his IFP status, to allow him additional time to pay the $320 balance of the filing fee. The Court will grant him a short and final extension of

time of 14 days from entry of this order, that is, until August 14, 2024.  <u>No further extensions of time will be granted.  The Court will dismiss this case for failure to pay the filing fee if it does not receive the payment by the deadline.</u>

### III.    Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Winston's response, which is construed as a motion (Doc. 117);

- **DENIES** his request to reconsider revocation of his IFP status (Doc. 116);

- **GRANTS** his request for an extension of time to pay the $320 balance of the filing fee;

- **ORDERS** that Winston shall have up to and including August 14, 2024, to pay the $320 balance of the filing fee and **WARNS** him that if he fails to timely pay, the Court will dismiss this action without further warning; and

- **RESERVES RULING** on all pending motions until Winston pays the full filing fee.

**IT IS SO ORDERED.**
**DATED: July 31, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**